UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 23-CR-71 (RDM)** |
| v. | : | |
| **BRYAN SHAWN SMITH,** | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S REQUEST FOR AN EMERGENCY STATUS CONFERENCE

The defendant, Bryan Smith ("Smith"), faces criminal charges based on his participation in the riot on January 6, 2021, an event that took place more than three years ago. He was charged and arrested on December 13, 2022. This Court previously granted Smith a 5-month delay after he fired his defense attorney and elected to proceed pro se prior to his November 6, 2023, trial. (Minute Entry, October 11, 2023) Throughout the pendency of these proceedings, Smith has routinely taken steps – including failing to correspond with the government and ignoring this Court's orders – to avoid trial. Now, eight days before his trial commences, Smith again attempts to delay trial through dilatory tactics on March 28 and 29, 2024. Without providing the Court any notice, through filings or other means, to readdress his pro se status, Smith now forces the Court to reevaluate his voluntary, intelligent, and knowing decision to proceed pro se five months ago. This maneuver – if granted – would continue this matter for a significant period of time. Balancing the interests here, the Court should retain the current trial date.

## PROCEDURAL HISTORY

The procedural history of this case is characterized by the Smith's repeated attempts to delay his trial, long after he has received discovery.

1

The FBI arrested Smith in Huntsville, Alabama on December 13, 2022. (ECF No. 5). Shortly thereafter, Smith retained Mr. Aubrey Webb of Coral Gables, Florida who entered a notice of appearance in the case on December 19, 2022. (ECF No. 6)

The Court arraigned Smith on the original indictment on March 9, 2023. (Minute Entry, March 11, 2023) During a subsequent status conference on March 27, 2023, this Court scheduled jury selection and trial to commence on November 6, 2023. (Minute entry, March 27, 2023) The government provided the defense the case specific discovery more than a year ago.[1]

On September 25, 2023, six weeks prior to the scheduled trial date, Mr. Webb filed a motion to withdraw from the case. (ECF No. 29) Mr. Webb claimed that Smith ceased all communication with Mr. Webb. Mr. Webb provided Smith numerous warnings to communicate with him through email, text messages, and phone calls. Smith failed to oblige. This lack of communication, Mr. Webb argued, "rendered further representation impossible."

In response, this Court set a *Faretta* hearing for October 11, 2023. (Minute Entry, October 2, 2023) The Court granted Mr. Webb's request to withdrawal and permitted Smith to proceed pro se with the appointment of standby counsel to assist Smith as the case progressed. (Minute Entry, October 11, 2023) In the same order, the Court vacated the November 6, 2023, trial date and scheduled a status conference for November 14, 2023.

On November 13, 2023, Michelle Peterson, the First Assistant Federal Public Defender for the District of Columbia, filed a notice of appearance in this case. (ECF No. 37) The following day, the Court held a status conference where the Court rescheduled trial for April 5, 2024, and set multiple deadlines for the parties based on the new trial date. (Minute Entry, November 14, 2023)

---

[1] At a status conference on March 19, 2024, Smith claimed that he had not received discovery in this case. On March 25, 2024, Mr. Webb confirmed that he provided Smith with discovery before he withdrew as counsel.

In late January 2024, the government substituted counsel and new government counsel entered a notice of appearance in the case. From late January to the status conference held on March 19, 2024, Smith failed to communicate with the government despite the government's repeated attempts to correspond with Smith.

Additionally, on March 6, 2024, the grand jury returned a superseding indictment against Smith, amending the charge under 18 U.S.C. § 111(a)(1) to 18 U.S.C. § 111(b); adding two additional misdemeanors; and removing an enhancement under 18 U.S.C. § 1752(a)(1). In response, the Court sought input concerning an arraignment date. The government and the Court agreed to an arraignment on March 19, 2024. Smith did not respond.

Shortly after the Court scheduled the arraignment on the superseding indictment, the government filed a request for an immediate status conference given Smith's continued lack of responsiveness. (ECF No. 43) The Court granted the government's request given the Court's concern with the "defendant's failure to communicate with the Court and the government despite advice from his standby counsel urging him to respond." (Minute Entry, March 11, 2024). In the same order, the Court ordered the parties to appear in person for a status conference and arraignment on March 19, 2024. The Court advised Smith that if he preferred to appear by videoconference, he was to file a written request with the Court on or before March 15, 2024.

Smith did not acknowledge the Court's order or comply with the mandate to file a request for a virtual appearance by the March 15, 2024, deadline. Instead, Smith waited until the afternoon of March 18, 2024, the day before the status conference, to send an email to the Court requesting appearance by videoconference.

The Court held a status conference on March 19, 2024, where the Court arraigned Smith by video teleconference; addressed Smith's lack of communication; and discussed the status of

ongoing discovery.[2] Smith also acknowledged the Court's guidance that he was to appear in person for the April 2, 2024, pre-trial conference and subsequent trial. Although trial was scheduled to begin about two and a half weeks after this hearing, Smith offered no indication he intended to change his decision to represent himself and, instead, retain counsel.

Additionally, Smith's standby counsel was present for the status conference and represented that she has been available to assist Smith since her appointment. However, she advised Smith had not availed himself of her services. Smith also advised that he had several outstanding motions he intended to file. Despite failing to comply with the Court's previous February 17, 2024, motions deadline, the Court gave Smith until March 25, 2024, to file any outstanding motions. Smith failed to file any motions despite his representations, nor did Smith provide the government a witness or exhibit list by the Court's deadline.

Following the status conference on March 19, 2024, the government filed a notice listing, in detail, all attempts by the government to reach Smith prior to the March 19, 2024, status conference.[3] (ECF No. 45)

On March 26, 2024, 10 days before trial, the government received an email from George Pallas, a defense attorney in Miami, Florida. Mr. Pallas advised Smith contacted him about representing him in this case and inquired whether the government would consent to a continuance. The government advised Mr. Pallas that the government would oppose a continuance based on his late entry on the case. The government did not hear from Mr. Pallas again.

---

[2] At this status conference, Smith represented that he had not received case specific discovery. Despite the government's contention that this was not the case, as subsequently confirmed by Smith's prior defense attorney, the government immediately mailed Smith all discovery and exhibits in this case via FedEx expedited mail. (ECF No. 46) All materials were delivered to Smith the following day on March 20, 2024.

[3] Among other things, Smith failed to respond to the government's efforts to provide Smith additional discovery, exhibit lists, witness lists, and jury instructions. (ECF No. 45)

On March 28, 2024, nearly a week before the trial is scheduled to commence, defense attorneys John Pierce and Roger Roots filed notices of appearances in this case. Messrs. Pierce and Roots did not contact the government before filing their notices of appearance, nor did they ask the government for its position on a continuance of the trial date. They also have not moved to continue the trial date. Yet the government is aware that these defense attorneys have a trial beginning on April 2, 2024, that is anticipated to extend into the week of April 8, 2024.[4] And immediately before the government filed this brief, another defense attorney, Anthony Sabatini filed a notice of appearance in this case a week before trial.

## ARGUMENT

### I. Delaying the Trial is Unwarranted Under These Circumstances.

Recognizing that Smith has not affirmatively asked the Court to grant a continuance based on his decision to retain counsel, the government anticipates a forthcoming request to accommodate new counsel. "[A] defendant's right to have the counsel of his choice "is not absolute." *United States v. Turcios*, 1996 U.S. App. LEIXS 30542, at *2 (D.C. Cir. 1996) (*citing United States v. Rettaliata*, 833 F.2d 361, 362 (D.C. Cir. 1987)). Instead, "the right to select counsel must be carefully balanced against the public's interest in the orderly administration of justice.'" *Id.* Where a motion to continue a trial based on a decision to retain counsel, substitute counsel, or withdraw from a prior decision to represent oneself would also result in a continuance, "[a] trial judge enjoys great discretion in ruling on [the] motion." *United States v. Jefferson*, 974 F.2d 201, 204 (D.C. Cir. 1992) (*citing United States v. Poston,* 902 F.2d 90, 96

---

[4] *See* U.S. v. Jared Kastner, 21-cr-00725-MAU. The presiding judge scheduled this trial to begin on April 8, 2024. In March 2024, the parties anticipated that this trial would take over a week. The judge moved the trial up a week to accommodate the anticipated trial length. (Minute Entry, March 7, 2024) Government counsel assigned to the case anticipates the trial will continue into the week of April 8, 2024.

(D.C. Cir. 1990)). In ruling on the motion, the Court should consider the following factors:

> (1) the length of the requested delay; (2) whether other continuances have been requested and granted; (3) the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; (4) whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; (6) whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; (7) and whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature.

*Jefferson*, 974 F. 2d at 204 (numbers inserted and internal edits omitted) (*citing United States v. Burton,* 584 F.2d 485, 490-91 (D.C. Cir. 1978)). Here, most or all of the factors support a denial of Smith's request to substitute counsel, and none support granting it.

First, as noted above, allowing this substitution would delay the trial by months. This is sufficient to support a denial of Smith's motion. *Turcios*, 1996 U.S. App. LEXIS 30542 at *2-3 (upholding denial of substitution where a delay of eight weeks to four months would result). Second, Smith has already forced a lengthy 5-month continuance for trial based on his refusal to communicate with his previous counsel in the weeks leading up to trial. Third, given the continuance comes *a week* before the scheduled trial date, the delay would inconvenience witnesses, counsel, and the Court. The government has been diligently preparing for trial, as evinced by the government's submitted witness lists, exhibits lists, and jury instructions nearly a month before trial on March 10, 2024. (ECF No. 42) The Court has already accommodated multiple scheduling changes in this case; and the government has now scheduled, held, and rescheduled witness conferences several times.

Fourth, and perhaps most importantly, the Court should consider the reason for the delay and Smith's contribution to it. Given Smith's previous actions in this case running up to the November trial date, the Court has a sound basis to conclude that Smith is strategically undertaking

dilatory tactics at the eleventh hour to delay his trial. The Court should look no further than Smith's actions concerning his prior defense attorney. Smith made the conscious decision to cease all communication with Mr. Webb as his previous trial date approached. These actions put Mr. Webb in a precarious position, eventually forcing him to withdraw from the case. At a subsequent *Faretta* hearing, the Court granted Mr. Webb's withdrawal request and granted Smith's request to proceed pro se. However, to ensure Smith had ample time to prepare for trial, the Court adjourned the trial date for five months and appointed the Federal Public Defender's office as standby counsel.

Smith's tactics did not stop with Mr. Webb. Smith's standby counsel was willing and able to assist, but Smith chose to not avail himself of those services. The government concedes it was within his right not to utilize the services of his standby counsel. However, it stretches credulity for Smith to now claim, as his actions indicate, that he must retain a defense attorney on the eve of this trial to proceed. Smith wants delay. The Court should see this for what it is – an abuse of legal procedure to delay trial.

This is not a case where Smith took good faith steps to prepare himself for trial. The government may be more sympathetic where a defendant, while representing himself pro se, later asks the Court to reconsider his decision to proceed pro se after realizing that the impeding rigors of trial practice were too much to bear, necessitating retention of counsel. This did not occur and any representation to the contrary is unreasonable under the facts before the Court.

Instead, in the months preceding the present trial, Smith undertook a similar approach to his previous trial date, fully aware that these maneuvers successfully delayed his previous trial. He ignored repeated efforts by the government to contact him. He ignored his standby counsel. He ignored and disregarded deadlines from the Court. He made no effort to ensure he had discovery, despite his standby counsel representing that she was willing to help him do so. He did not ask the

Court to revisit his waiver of his right to counsel, requiring an additional hearing. He did nothing and should not now benefit from the fruits of his inaction.

Nor can Smith plead ignorance and naively claim, as he did at the March 19, 2024, status conference, that he never received the government's correspondence[5] and needs additional time to prepare with new counsel. He has since responded to the government using the same email address the government regularly used to contact him before March 19, 2024. Instead, Smith chose not to respond, knowing that he might cause delay through his failure. Simply put, Smith realized his delay tactics worked in September and October 2023, so he is using the same playbook to obtain another delay.

Smith has had ample opportunity to seek and prepare with counsel of his choosing for the last 16 months. This Court has afforded Smith extensive time and resources to effectively prepare for trial on the underlying charges and Smith has had all the tools at his disposal to do so. His previous counsel was fully prepared and able to assist him. He provided Smith all the discovery in the case prior to his withdrawal. Smith chose to his ignore his previous defense attorney and force his withdrawal. Thereafter, Smith chose to proceed pro se knowingly the implications of such a decision. To ensure Smith had the necessary resources at his disposal, the Court appointed standby counsel to assist and advise him. The government sought to keep Smith informed on case developments and provide Smith with all materials required under relevant statutory and constitutional authority and the Court's deadlines and orders. The Court has moved deadlines and accommodated Smith's antics to ensure he receives a fair trial. Yet, Smith still made the choice to

---

[5] Notably, at the status conference of March 19, 2024, Smith denied receiving additional discovery from the government underlying the superseding indictment but referred to the same discovery in his discussions with the Court.

ignore the parties and only in the last week has Smith responded to the government and offered no indication of his intention to hire counsel.

Smith's actions reflect a calculated decision to shop for a defense attorney to leverage delay. Smith sought representation of Mr. Pallas. After the government advised Mr. Pallas that the government would not consent to a continuance, that representation did not coalesce. Smith has now retained John Pierce and Roger Roots – who had a preexisting January 6, 2021, trial conflict scheduled during the week of April 5 and April 8, 2024.[6] The defense attorneys knew of their scheduling conflict before submitting a notice of appearance. The defense attorneys did not flag their trial conflict in their pro forma notices of appearance. These defense attorneys laid the groundwork to force a continuance. Smith used this conflict with the aim of delaying trial.

Immediately before the government submitted this brief, another defense attorney, Anthony Sabatini submitted a notice of appearance a week before trial is set to commence and requested a 90-day continuance.

Fifth, Smith certainly has had other competent counsel prepared to try the case. As discussed above, Smith, by his own actions, forced his previous retained counsel to withdraw. Since November 14, 2023, he has had Ms. Shelli Peterson as standby counsel – the First Assistant Federal Public Defender in the District of Columbia. Since this date, the government has communicated with Ms. Peterson; she was present at the March 19, 2024, status conference; and she is well versed in the aspects of this case and the events of January 6, 2021. She will be present

---

[6] *See* U.S. v. Jared Kastner, 21-cr-00725-MAU.

during trial next week. Ms. Peterson has been more than willing assist Smith. But it is Smith's own refusal to avail himself of those services to prepare for trial.

Sixth, Smith identified no prejudice to his case that would stem from going forward pro se or with Ms. Peterson. Smith made the knowing and conscious decision to proceed pro se and the associated risks that doing so might entail. He had months to reconsider his decision, request a hearing for the Court to reassess his pro se status, or actively seek Ms. Peterson's assistance to prepare for trial. He did not, nor did he make any observable effort to prepare his case for trial. Instead, he willfully ignored the proceedings, surmising that doing so would benefit him. If any prejudice exists from these actions, it is from Smith's own making and not of a substantial or material nature to warrant continuing the proceedings.

## II.     Delaying the Trial Would Be Contrary to the Public Interest

Under these specific facts, a delay based on Smith's attempt to retain counsel with a conflicting trial schedule eight days before trial would be antagonistic to the public interest in a speedy trial. The Supreme Court, in addressing the Speedy Trial Act, has been unequivocal about the public interest in speedy trial, stating: "If the Act were designed solely to protect a defendant's right to a speedy trial, it would make sense to allow a defendant to waive the application of the Act. *But the Act was designed with the public interest firmly in mind.*" *Zedner v. United States*, 547 U.S. 489, 500–01 (2006) (emphasis added).

Smith was arrested 16 months ago. Immediately thereafter, he retained counsel and understood the logistics of hiring an attorney in a speedy fashion. Since his arrest, he fired his old counsel, and had extensive time to reassess his decision to proceed pro se and hire a new counsel. He received substantially all his discovery over a year ago and has had ample time to prepare his defense. He has the First Assistant Federal Defender at his disposal. The Court has already indulged an effort by Smith to delay the trial scheduled for November 6, 2023. (Minute Entry,

October 11, 2023) Smith's current efforts amount to gamesmanship. Smith has not shown good cause to postpone the trial, and the Court should not entertain any continuance request.

## CONCLUSION

For the reasons stated above, the government requests an emergency status conference to address these developments to ensure that the parties may continue preparing for trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By: /s/ *Eli J. Ross*
Eli Ross
Assistant United States Attorney
IL Bar No. 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 297-1515
Email: Eli.Ross@usdoj.gov

/s/ *Sara Levine*
Sara E. Levine
Assistant United States Attorney
VA Bar No. 98972
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-1793
Email: Sara.Levine@usdoj.gov