UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 23-CR-71 (RDM) |
| v. | : | |
| | : | |
| BRYAN SHAWN SMITH, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO
## DEFENDANT'S MOTION FOR A BILL OF PARTICULARS AND TO COMPEL DISCOVERY

The Court should deny the defendant's motion for a bill of particulars—filed more than a year after his initial arraignment—as untimely. The Court should also deny the motion on the merits because the information sought, including identities of officers, identities of people who handled the stun gun, and associated statements, videos, and FBI 302's are available to the defense in the government's discovery.

### Relevant Factual & Procedural Background

The FBI arrested the defendant in Huntsville, Alabama on December 13, 2022. (ECF No. 5). The Court arraigned the defendant on the original indictment on March 9, 2023.  (Minute Entry, March 11, 2023). The Government charged the defendant with violating 18 U.S.C. § 111(a)(1) and 2 in the original indictment. The government provided the defense with discovery more than a year ago. On March 25, 2024, the Government confirmed with Mr. Aubrey Webb, the defendant's prior attorney, that he provided the defendant all the case specific discovery prior to his withdrawal on October 11, 2023.

In late January 2024, the government substituted counsel and new government counsel entered a notice of appearance in the case. From late January to the status conference and

1

arraignment held on March 19, 2024, the defendant failed to communicate with the government despite the government's repeated attempts to correspond with the defendant and provide him discovery.

On March 6, 2024, the grand jury returned a superseding indictment against the defendant, amending the charge under 18 U.S.C. § 111(a)(1) to 18 U.S.C. § 111(b); adding two additional misdemeanors; and removing an enhancement under 18 U.S.C. § 1752(a)(1).

The Court arraigned the defendant on March 19, 2024, on the superseding indictment and held a status conference, where among other things, the Court discussed the status of ongoing discovery. At the status conference, the defendant represented that he had not received case specific discovery. This was not the case, as the defendant's prior attorney confirmed. Even so, the government sent the defendant all discovery in this case, as well as preliminary trial exhibits, via FedEx expedited shipping. (ECF No. 46) All materials were delivered to the defendant on March 20, 2024. Also, after the status conference on March 19, 2024, the government filed a notice listing, in detail, all its prior attempts to reach the defendant, including repeated attempts to provide him additional discovery. (ECF No. 45)

At the pre-trial conference on April 2, 2024, the defendant withdrew his pro se status and retained three new defense attorneys. Given the entry of new counsel, the Government agreed to provide, again, all discovery materials to defense.

On April 2, 2024, after the pre-trial conference, the government emailed the defense counsel, advising the defense that the government was compiling discovery in a folder on USAFx and the government would provide that link shortly, likely on April 3, 2024. The defense did not respond. The government provided the USAFx link with the discovery on April 3, 2024.

On April 11, 2024, the government provided notice that, at trial, the government will not proceed under a theory that the defendant inflicted bodily injury on officers in violation of 18 U.S.C. § 111(a)(1) and (b) and 2 as alleged in Count Two of the Superseding Indictment. Instead, the government will pursue the lesser offense of 18 U.S.C. § 111(a)(1) and 2 as charged in the superseding indictment. (ECF No. 58)

<u>Argument</u>

In a motion that cites no law, the defendant asks this Court to order the government to provide a bill of particulars and to compel production of discovery. The motion seeks three pieces of information: the identity of the officer that he is charged with assaulting in Count Two of the Superseding Indictment;[1] the identities of all people who handled the stun gun; and what the defendant incorrectly refers to as the "chain of custody" of the weapon. Because law enforcement never seized the stun gun, there is no associated chain of custody. Instead, he apparently requests all evidence in the government's files that shows or documents how the weapon was passed between different rioters. The first request is properly characterized as a request for a bill of particulars; the latter two are properly characterized as a request for discovery. Ultimately, though, none of the defendant's requests have merit, and all should be denied.

**I.      Defendant's Motion Should Be Denied as Untimely.**

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, a defendant may move for a bill of particulars "before or within 14 days of arraignment or at a later time if the court permits."  A defendant should seek leave of court to file such a motion outside this 14-day window. *See United States v. Kozel*, No. 19-CR-460 (KMW), 2020 WL 4751498, at *3 (S.D.N.Y. Aug. 17,

---

[1] The defendant does not say that he is referring to Count Two, but the verbs he uses in his first request relate to Count Two.

2020) ("A defendant must move for a bill of particulars within 14 days of his arraignment, unless authorized by the court.). A court should not countenance an untimely motion where the defendant offers no explanation or excuse for the delay. *Id.* ("Defendant offers no explanation for his delay, and the Court declines to excuse Defendant's lateness.").

The defendant in this case was arraigned on the original indictment on March 9, 2023. In the original indictment, the government charged the defendant with violations of 18 U.S.C. §§ 111(a)(1) and 2; 18 U.S.C. § 1752(a)(1) and (b)(1)(A); 18 U.S.C. § 1752 (a)(4); and 40 U.S.C. § 5104(e)(2)(F). The conduct underlying these charges involved the defendant's alleged act of bringing a stun gun to the U.S. Capitol on January 6, 2021, passing the stun gun to another rioter, and that rioter's use of the stun gun by lunging at police officers. Count 3 of the original indictment specifically referenced the stun gun. The government described his course of conduct that day at length in the original statement of facts in this case. (ECF No. 1) The defendant was on notice of his acts.

The Superseding Indictment returned on March 6, 2024, does not serve as a renewed basis for the defense to timely file their motion. The defense's request does not, with specificity, address any *additional* conduct charged in the Superseding Indictment. The defense seeks information concerning conduct already contained in the original indictment returned over a year ago. Despite the Court's warning that the time for motions (other than as to the Superseding Indictment) had passed, the defendant did not seek leave to file this motion, nor did he offer any excuse for this extraordinary delay. Even if the defense argues the requested information falls squarely within the Superseding Indictment – it does not – the government will no longer pursue the theory that the defendant aided and abetted the infliction of bodily injury, as alleged in Count 2 of the Superseding Indictment, which leaves the defendant in the same position as when he was arraigned on the

original indictment, more than a year ago. This further undercuts the defense's need for a bill of particulars and any argument that the Superseding Indictment reset the clock for filing such motion.

The 14-day time limit in Rule 7(f) makes logical sense. By filing a motion for a bill of particulars, a defendant is essentially telling the Court the defendant is unable to prepare a defense because he does not have sufficient notice of the alleged crime he committed. It is not in anyone's interest—not the defendant's, not the government's, not the Court's, and not the public's—to allow months to pass with a defendant unable to prepare a defense due to a *true* lack of information. Allowing a defendant to file a motion for a bill of particulars more than a year after the original arraignment, and on the eve of trial, is thus antithetical to the very purpose of a bill of particulars.

For this reason, a motion for a bill of particulars should be filed "promptly" after arraignment. *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, fn. 6 (D.D.C. 2015) (noting motion for bill of particulars should be filed "promptly after the initiation of a criminal case"). Indeed, multiple district courts have denied motions seeking a bill of particulars as untimely in less egregious procedural postures than the 14-month delay in this case. *Se*e, *e.g.*, *United States v. Tajideen*, 319 F. Supp. 3d 445, 466 fn. 12 (D.D.C. 2018) (denying motion filed 308 days after arraignment); *United States v. Russo*, No. 20-CR-023 (DLI), 2021 WL 1723250, at *4 (E.D.N.Y. Apr. 30, 2021) (denying motion filed 10 months after arraignment); *Kozel*, 2020 WL 4751498, at *3 (denying motion filed six months after arraignment).  And as with a decision based on the merits, a decision to deny a motion for a bill of particulars as untimely is soundly within the discretion of the court. *United States v. Cooper*, 902 F.2d 1570 (6th Cir. 1990) ("Thus, because Cooper's motion for a bill of particulars was untimely, the district court acted within its discretion to deny the motion").

II.     **The Indictment and Discovery Sufficiently Detail the Charges.**

If the Court reaches the merits of the defendant's motion, it should deny the defense's request for "identities of officers," "identities of all people who handled the device described as a stun gun," and the associated "statements, video, imagery, and 302s" because the information sought is available to the defendant in discovery.

A.     **Legal standard**

The Federal Rules of Criminal Procedure require that an "information … be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  A charging instrument "is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974).  Generally, an information is sufficient if it "set[s] forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id*. (internal quotation marks omitted).

The purpose of a bill of particulars is, "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. 1987).  If an indictment or information "is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C.

2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars is not a matter of right and is only ordered when "necessary." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (quoting 1 Charles Alan Wright & Andrew Leipold, *Federal Practice and Procedure: Criminal § 130* (4th ed. 2008).  A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same).  Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *Sanford Ltd.*, 841 F. Supp. 2d at 316 (internal quotation marks and citation omitted, emphasis in original).  Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same).

### B.     The Defense Does Not Seek Clarification of Charges, but Evidentiary Proof that is Available in Discovery

The defense claims that the bill of particulars is necessary because, "[w]ithout knowing the precise alleged 'victims' and alleged source and travel of the device described, Mr. Smith cannot effectively research the claims in the superseding indictment."

However, the defense's inquiries concern evidentiary proof, not clarification of the underlying charges. In this vein, the defense has not articulated what efforts, if any, they have taken to review the present discovery and answer their own questions.

Conceivably, at the time of the defendant's motion, the answer was: none. The defense joined this case ten days ago and filed this motion the day after the pretrial conference. Following the pre-trial conference, the government advised the defense conference that the government would provide the defense all discovery in this case. The defendant already had this discovery in his possession and his attorneys now have access to this discovery. Nonetheless, the defense asks the Court to make the government delineate the evidentiary proof they may discern by reviewing the discovery in this case.

A review of the discovery, including the relevant 302's and videos, would offer the defense the information they seek. The discovery also identifies the rioter who assaulted officers after receiving the stun gun from the defendant. The remaining defense requests have no place in an indictment and are not appropriate for a bill of particulars. The defense makes irrelevant requests for "all people who handled the device described as a stun gun"; misplaced references to a "chain of custody"; and broad demands for "statements, videos, imagery, and 302s". The defense does so under the veil of a bill of particulars when, in effect, they are asking the government to do their work for them. The defendant has enough information to prepare his defenses to the allegations against him. If the defense has not already asked their client for this information, they have it at their disposal where they may review the videos, imagery, relevant 302's and other discovery in this case.

### III. The Defense's request to Compel Discovery is Moot

The Government has acted in good faith to diligently provide the defense discovery since the onset of this case over a year ago. The defendant received the case specific discovery in this case from his previous defense attorney. Following the superseding indictment, the government again provided the defendant all case specific discovery, including additional discovery underlying

the superseding indictment through expedited FedEx mail on March 20, 2024. The Government advised the Court and the defense at the April 2, 2024, pretrial conference that the government would again provide all discovery to the defense. The Government advised the defense in an email following the pre-trial conference that they would provide a USAFx link with the discovery. The government honored this representation and provided defense a link to a USAFx folder with the associated discovery before filing this response. Therefore, the issue is moot, and the Court should deny the Defense's requests to compel discovery.

## <u>CONCLUSION</u>

For the foregoing reasons, the defendant's motion for a bill of particulars and to compel production of associated discovery should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     /s/ *Eli J. Ross*
Eli Ross
Assistant United States Attorney
IL Bar No. 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 297-1515
Email: Eli.Ross@usdoj.gov

/s/ *Sara Levine*
Sara E. Levine
Assistant United States Attorney
VA Bar No. 98972
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-1793
Email: Sara.Levine@usdoj.gov