UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 23-CR-71 (RDM) |
| v. : | |
| : | |
| BRYAN SHAWN SMITH, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR PRODUCTION OF ALL MEDICAL RECORDS, STATEMENTS AND REPORTS ASSOCIATED WITH THE SUPERSEDING INDICTMENT

The Court should deny the defendant's motion to compel the government to produce all medical records, statements, and reports associated with the Superseding Indictment. The government has provided all discovery associated with the Superseding Indictment to the defense and does not possess any medical records or reports associated with the Superseding Indictment.

### Relevant Factual & Procedural Background

The FBI arrested the defendant in Huntsville, Alabama on December 13, 2022. (ECF No. 5). The Court arraigned the defendant on the original indictment on March 9, 2023. (Minute Entry, March 11, 2023) The government provided the defense with discovery more than a year ago. On March 25, 2024, the government confirmed with Mr. Aubrey Webb, the defendant's prior attorney, that he provided the defendant all the case specific discovery prior to his withdrawal on October 11, 2023.

On March 6, 2024, the grand jury returned a superseding indictment against the defendant, amending the charge under 18 U.S.C. § 111(a)(1) to 18 U.S.C. § 111(b); adding two additional misdemeanors; and removing an enhancement under 18 U.S.C. § 1752(a)(1).

Prior to the March 19, 2024, status conference, the government made repeated attempts to

provide the defendant with additional discovery relevant to the Superseding Indictment. Following the March 19, 2024, status conference, the government sent the defendant all discovery in this case, as well as preliminary trial exhibits, including all discovery concerning the superseding indictment, via FedEx expedited shipping. (ECF No. 46) FedEx delivered all discovery to the defendant on March 20, 2024.

At the pre-trial conference on April 2, 2024, the defendant retained three new defense attorneys. Even though the government provided all discovery to the defendant less than two weeks before the hearing, the government agreed to provide all discovery materials to the defendant again.

On April 2, 2024, the government emailed the defense, advising that the government was compiling discovery in a folder on USAFx and the government would provide the link to access the discovery. Despite this, the defense filed a motion "To Compel Production of Associated Discovery." (ECF No. 55).

The government provided the USAFx link with the discovery on April 3, 2024, which contains all discovery in this case, including the discovery relevant to the Superseding Indictment. Several days later, the defense filed another discovery motion for the "Production of All Medical Records, Statements and Reports Associated with the Superseding Indictment." (ECF No. 56)

## **Argument**

The defendant asks this Court to compel production of discovery that either is already in the defendant's possession, or that the government does not possess.

All relevant discovery associated with the Superseding Indictment, including witness statements, is in the defense's possession. The government acted in good faith to diligently provide the defense all discovery since the onset of this case over a year ago. The defendant received the

discovery in this case from his previous defense attorney. Following the Superseding Indictment, the government again provided the defendant all case specific discovery, including all additional discovery relevant to the Superseding Indictment through expedited FedEx mail on March 20, 2024.

The Government advised the Court and the defendant at the April 2, 2024, pretrial conference that the government would provide a third copy of all discovery to the defendant's counsel. The Government advised the defense in an email following the pre-trial conference that they would provide a USAFx link with the discovery. The government honored this representation and provided defense a link to a USAFx folder with the associated discovery, including all discovery relevant to the Superseding Indictment. Therefore, the issue is moot. Additionally, the government does not possess, and is not aware of, any medical records or reports pertaining to the Superseding Indictment.

## CONCLUSION

For the foregoing reasons, the defense's motion for production of all medical records, statements and reports associated with the Superseding Indictment should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ *Eli J. Ross*
Eli Ross
Assistant United States Attorney
IL Bar No. 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 297-1515

Email: Eli.Ross@usdoj.gov

/s/ *Sara Levine*
Sara E. Levine
Assistant United States Attorney
VA Bar No. 98972
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 252-1793
Email: Sara.Levine@usdoj.gov