UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STATES OF AMERICA,

   *Plaintiff*

v().                                             Case No. 1:23-cr-00071-RDM

BRYAN SHAWN SMITH

   *Defendant.*

## **DEFENDANT'S MOTION TO DISMISS SUPERSEDING COUNT TWO**

Earlier today (April 11, 2024), the United States filed a "Notice Regarding Count Two of the Superseding Indictment" (ECF #58). The government's filing states that:

> "The government provides notice that, at trial, it will <u>not proceed under a theory</u> that the defendant inflicted *bodily injury* on officers, in violation of Title 18, United States Code, Sections 111(a)(1), 111(b), and 2, as charged in Count Two of the Superseding Indictment. Instead, the government <u>will pursue the lesser offense</u>, which is . . . that the defendant assaulted, resisted, opposed, intimidated, or interfered with an officer, and that the defendant's conduct involved physical contact or the intent to commit another felony, in violation of Title 18, United States Code, Section 111(a)(1) and 2."

(ECF #58, p. 1, emphasis added).

Bryan Shawn Smith ("Smith"), Defendant, by and through his undersigned counsel, submits that the government's "notice" constitutes a withdrawal and

dismissal of the Superseding Indictment's very-serious § 111(b) charge, and respectfully moves that this Court to dismiss the new Section 111(b) (aggravated assault on a federal officer with bodily injury) count against Smith.

Were this indictment to proceed in present form (with Count 2 explicitly recorded as a § 111(b) charge but with a "notice" that the United States won't "proceed" with the charge), it would present serious problems for Mr. Smith. For example, if Mr. Smith were convicted at trial on Count 2 (for assault or resistance by physical contact with an officer), his conviction would be recorded as a 111(b) conviction. Mr. Smith would then be subject to mandatory step-back detention; and Mr. Smith would be ineligible for the First Step Act. Mr. Smith would also be subject to higher security status if sentenced to a term in prison. Additionally, there would be general confusion among BOP case managers, probation officials, and others who read Mr. Smith's PSR and/or other records.

Moreover, Counsel does not believe these structural problems can be fixed by limiting instructions to a jury (or court).

Furthermore, the United States' notice that it will *not proceed* with its bodily injury claim, but "will pursue the lesser offense of 18 U.S.C. § 111(a)(1) and 2" leaves a great deal of confusion. The government's statement of offense and representations during the government's "reverse proffer" session in 2023

indicated the government's "assault" by physical contact involve a toy stun gun type device that allegedly briefly passed through Smith's hands on January 6—then through the hands of several others—before the stun gun allegedly made "physical contact" with some (never precisely named) officer.

So is the government proceeding with a theory that the same (previously represented as being injured but now conceded to have suffered no injury) officer was assaulted or resisted by Smith?  Or is the government now proceeding with a theory that Smith assaulted or opposed another person?

## BACKGROUND

Defendant is charged in Count 2 of the superseding indictment with assaulting a federal officer causing bodily injury by handing a toy buzzer "stun gun" to another person—who apparently allegedly handed it to another person, and so on, until some end user[1] allegedly "tazed" or buzzed an officer with the device, causing "bodily injury." (Defendant has seen no medical records and doesn't even know the identity of the injured officer; let alone the chain of custody of the buzzer device.)[2]

---

[1] Upon information and belief the end user "assailant" alleged by the United States was Vitali GossJankowski, whom Smith did not know.  GossJankowski was tried in a separate case for assaulting the officer with the "stun gun" toy or device.  A jury fully acquitted GossJankowski of the charge on March 16, 2023
[2] At a pretrial conference on Wednesday, April 3

The allegation of "assaulting an officer causing bodily injury" in the superseding, indictment is an imaginative extension of aiding-and-abetting theory, in that Smith is accused of merely passing a toy object to another (whom Smith did not even know or recognize) <u>who, in turn,</u> later passed the object to yet another person who committed an alleged "assault" (which a jury found did not happen as a matter of fact) with the harmless toy.

### **<u>THE GOVERNMENT'S IMAGINARY AIDING-AND-ABETTING THEORY OF "ASSAULTING AN OFFICER" BY PASSING A TOY TAZER/BUZZER DEVICE TO A STRANGER VIOLATES EVERY TEST OF AIDING-AND-ABETTING THEORY.</u>**

The Superseding indictment fails to lay out <u>both</u> adequate *mens rea* and *actus reas* to sustain aiding and abetting culpability for crimes committed by another.

The new superseding indictment alleges, in Count 2, that Smith assaulted a federal officer causing bodily injury under 18 U.S.C. § 111(b). However the Count relies on a theory of aiding and abetting that is two steps removed. The theory is so attenuated that it does not pass muster under the due process clause.

a) **Elements of Aiding and Abetting**

A charge of aiding and abetting has <u>three requirements</u>. **First**, someone else must have committed a crime. **Second**, the defendant must have assisted that person in the commission of the crime. **Third,** the defendant must have had

knowledge of that person's criminal intent or criminal plans.  In this case, the superceding indictment fails to properly allege <u>any of the three</u> elements.

As a matter of law, an act of passing a tool, or a weapon, to another, is insufficient by itself to invoke criminal liability for the passer regarding the passee's later use of the tool or weapon. See, e.g., *United States v. Silwo*, 620 F.3d 630 (6th Cir. 2010) (although defendant was instrumental in procuring a van that was later used to transport marijuana, this evidence did not suffice to support a conviction for conspiracy or aiding and abetting possession with intent to distribute marijuana).  This is especially true where, as here, there is no suggestion that Smith knew the passee.

The Supreme Court addressed this issue in *Rosemond v. United States*, 572 U.S. 65 (2014), where the Court overturned the conviction of a participant in a drug deal for the violent murder that ultimately occurred during the drug deal.  In closing argument in Rosemond's trial, the prosecutor contended that Rosemond was "still guilty of the crime" on aiding-and-abetting theory, even if Rosemond had not "fired the gun." *Id*., at 158. After all, the prosecutor stated, Rosemond "certainly knew [of] and actively participated in" the drug transaction. *Ibid*. "And with regards to the other element," the prosecutor urged, "the fact is a person cannot be present and active at a drug deal when shots are fired and not know their cohort is using a gun. You simply can't do it." Ibid.

The Supreme Court, with Justice Kagan writing, however, ruled that the bottom (if not uncomplicated) line is that a criminal helper must have "foreknowledge" of <u>all</u> the elements of the crime he is charged with — and this further means he must have knowledge sufficiently in advance to have some "realistic opportunity to quit the crime."

**b) Count 2 lacks both the knowledge element and the foreseeability element required for aiding and abetting the commission of assault with a deadly and dangerous weapon.**

Merely providing a tool later used by a stranger in a crime, such as a weapon or a vehicle, does not constitute aiding and abetting in the person's crime. See *United States v. Silwo*, 620 F.3d 630 (6th Cir. 2010) (although defendant was instrumental in procuring a van that was later used to transport marijuana, this evidence did not suffice to support a conviction for conspiracy or aiding and abetting possession with intent to distribute marijuana).

Moreover, even if Smith knew the unknown end user was "engaged in criminal activity at the time (hardly suggested by the evidence), such knowledge does not suffice to implicate Smith in aiding and abetting another person's crime. See *United States v. Perez-Melendez*, 599 F.3d 31 (1st Cir. 2010) (while the evidence supported the conclusion that the defendant was aware that he was aiding

and abetting the commission of criminal activity, the evidence did not establish beyond a reasonable doubt that Perez-Melendez knew the criminal activity he was aiding was a cocaine transaction); *Laird v. Horn*, 414 F.3d 419 (3rd Cir. 2005) (aiding & abetting murder conviction overturned because ehe accomplice liability jury instruction did not clearly inform the jury that in order to be found guilty of aiding and abetting murder in the first degree (as opposed to being the actual killer), the defendant must have the intent to kill, not just the intent to engage in criminal activity that resulted in an accomplice killing the victim).

### c) HIGHER STATE OF MIND IS REQUIRED

*United States v. Gardner*, 488 F.3d 700 (6th Cir. 2007) (Though intuition might lead one to conclude that to be prosecuted as an aider and abettor, the defendant is not required to have as much of a culpable state of mind as the principal, in certain situations, just the opposite is true). *Juan H. v. Allen*, 408 F.3d 1262 (9th Cir. 2005) (aiding and abetting first degree murder was not supported by sufficient evidence where defendant was present at the scene but there was insufficient proof that he was aware that the principal would commit the murders of the victims. The defendant may have had a motive, and may have fled after the murders, but neither motive, nor flight is sufficient to prove that the defendant aided and abetted the murders.

### d) SMITH COULD NOT KNOW ABOUT A TRANSACTION TWO STEPS REMOVED

No rational jury could find beyond a reasonable doubt that Defendant smith knew of a future transaction or conduct that would be two steps removed. *See Stokes v. Lokken*, 644 F.2d 779 (8th Cir. 1981) (upholding summary judgment in case alleging negligent misrepresentation and aiding and abetting violations of federal and state securities laws where there was no privity and the violations were two steps removed) (overruled on other grounds). See also *United States v. Spinney*, 65 F.3d 231 (1st Cir. 1995) (provider of weapon NOT liable in bank robbery case; the government must prove that the defendant had at least constructive knowledge that a gun would be used violently – that is, that it is likely that a gun would be used. For §924(c) aiding and abetting liability, however, the government must establish that the defendant knew "to a practical certainty that the principal would be using a gun." *Akerman v. Oryx Communication, Inc.*, 609 F.Supp. 363, 373 (S.D. N.Y. 1984) (a "plaintiff, at minimum, must show some meaningful participation in" the ultimate crime) (citations omitted).

### CONCLUSION

Under the Sixth Amendment, and the Fifth Amendment right of due process, a criminal charge must be dismissed unless a defendant is notified about basic features of the allegation; such as:

1) The identity of the officer allegedly assaulted
2) The chain of custody regarding the alleged assault,

3) The basic facts of the allegation, including time, date, people, place, and manner of the allegation.

For all the above stated reasons, Count 2 of the superseding indictment must be dismissed. The Defendant moves for dismissal of Count 2 of the superseding indictment.

Date: April 12, 2024

Respectfully Submitted,

/s/ John M. Pierce
John M. Pierce
John Pierce Law, P.C.
2550 Oxnard Street
3rd Floor, PMB #172
Woodlands, Hills, CA 91367
jpierce@johnpiercelaw.com
(213) 279 – 7648
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, April 12, 2024, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

/s/ John M. Pierce
John M. Pierce