**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 1:23-CR00071-RDM** |
| **v.** | : | |
| | : | |
| **BRYAN SHAWN SMITH,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S PROPOSED SUBSTITUTED JURY INSTRUCTION

Based on the government's notice (ECF No. 58), the government will not pursue – and will not ask the Court to instruct the jury on – the offense of inflicting bodily injury on officers and aiding and abetting, in violation of Title 18, United States Code, Sections 111(a)(1) and (b), and 2. Instead, the government will pursue – and will ask the Court to instruct the jury on – the offense of assaulting, resisting, opposing, intimidating, or interfering with an officer with physical contact or the intent to commit another felony, and aiding and abetting, in violation of Title 18, United States Code, Sections 111(a)(1) and 2. Accordingly, the government proposes substituting **Proposed Instruction No. 23**, submitted on March 10, 2024 (ECF No. 42), with the following jury instruction.

**Proposed Instruction No. 23**

**18 U.S.C. § 111 – ASSAULTING, RESISTING, OR IMPEDING OFFICERS[1]**

(18 U.S.C. § 111(a)(1) and 2)

Count Two of the Indictment charges the defendant with assaulting, resisting, or impeding any person assisting officers of the United States who are engaged in the performance of their official duties, which is a violation of federal law.

Count Two also charges the defendant with aiding and abetting others to commit the offense. First, I will explain the elements of the substantive offense, along with its associated definitions. Then, I will explain how to determine whether the defendant aided and abetted the offense.

Elements

To find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police or Metropolitan Police Department.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties.

---

[1] For January 6 trials that have used similar instructions, see *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 23 and 26); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 22).

Fifth, the defendant made physical contact with a person who was assisting officers of the United States who were then engaged in the performance of their official duties or acted with the intent to commit another felony. For purposes of this element, "another felony" refers to the offense charged in Count One.

Definitions

A person acts "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon that person acts forcibly. In such case, the threat must be a present one.[2]

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. To find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.[3]

---

[2] *United States v. Taylor*, 848 F.3d 476, 493 (1st Cir. 2017) (The element of 'forcible' action can be met by a showing of either physical contact with the federal agent, or by such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.") (quotation marks omitted) (citing cases).  For a January 6 case using this definition, see *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19).

[3] *United States v. Watts*, 798 F.3d 650, 654 (7th Cir. 2015) ("an assault may also be committed by a person who intends to threaten or attempt to make offensive rather than injurious physical contact with the victim"); *United States v. Acosta-Sierra*, 690 F.3d 1111, 1117 (9th Cir. 2012) ("Because Section 111 does not define assault, we have adopted the common law definition of assault as either (1) a willful attempt to inflict injury upon the person of another, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.") (quotation marks omitted); *Comber v. United States*, 584 A.2d 26, 50 (D.C. 1990) (en banc) (explaining that the crime of simple assault "is designed to protect not only against physical injury, but against all forms of offensive touching, . . . and even the mere threat of such touching"); Criminal Jury Instructions for the District of

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, assisting federal officers in carrying out an official duty so long as it is established beyond a reasonable doubt that the officer was, in fact, assisting a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.[4]

Aiding and Abetting

In this case, the government further alleges that the defendant committed assaulting, resisting, or impeding officers, as charged in Count Two, by aiding and abetting others in committing this offense. The phrase "aiding and abetting" has the same meaning described in the instructions for Count One.

In order to find the defendant guilty of assaulting, resisting, or impeding officers because the defendant aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following elements:

> First, that others committed the offense of assaulting, resisting, or impeding officers by committing each of the elements of the offense charged, as I have explained above.

---

Columbia, No. 4.100 (2022 ed.) ("Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility."). For other January 6 trials that have used similar instructions, see *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 30), *United States v. Webster*, 21-cr-208 (APM) (ECF No. 101 at 14), *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 23), and *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 19-20).

[4] *United States v. Celentano*, 22-cr-186 (TJK) (ECF No. 64 at 12); *United States v. Thomas*, 21-cr-552 (DLF) (ECF No. 150 at 30); *United States v. McAbee*, 21-cr-35 (RC) (ECF No. 376, at 20-21).

Second, that the defendant knew that assaulting officers was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assaulting officers.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of assaulting, resisting, or impeding officers.

In the instructions for Count One, I have described what the government must prove to show that the defendant performed an act or acts in furtherance of the offense charged, and the evidence you may consider in deciding whether the defendant had the requisite knowledge and intent to satisfy the fourth requirement for aiding and abetting.

          Respectfully submitted,
          MATTHEW M. GRAVES
          United States Attorney
          DC Bar No. 481052

By:   /s/ *Eli J. Ross*
       Eli J. Ross
       Assistant United States Attorney
       IL Bar No. 6321411
       U.S. Attorney's Office for the District of Columbia
       601 D Street, N.W.
       Washington, D.C. 20530
       Phone: (202) 297-1515
       Email: Eli.Ross@usdoj.gov

       /s/ *Sara E. Levine*
       Sara E. Levine
       Assistant United States Attorney
       VA Bar No. 98972
       U.S. Attorney's Office for the District of Columbia

601 D Street, N.W.  
Washington, D.C. 20530  
Phone: (202) 252-1793  
Email: Sara.Levine@usdoj.gov