UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 23-CR-71 (RDM)** |
| v. | : | |
| **BRYAN SHAWN SMITH,** | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Response to the defendant's Motion to Dismiss Superseding Indictment on Grounds of Unconstitutional Vindictiveness and Retaliation (ECF No. 57). As set forth herein, the defendant's motion as it relates to Count Two of the Superseding indictment is moot. Additionally, the defendant's motion is a mishmash of conclusory arguments that ignore binding case law and contorts the clear record of the case. Accordingly, the motion is without merit and should be denied.

### Relevant Background

On December 13, 2022, Bryan Smith was arrested in Huntsville, Alabama. Smith's first attorney, Aubrey Webb, entered an appearance on December 19, 2022. (ECF No. 6). In February 2023, before Smith was initially indicted in the case, the government conducted a reverse proffer with Smith and his counsel. The reverse proffer did not lead to a pretrial resolution and Smith indicated he wanted a trial in his case. The grand jury returned an indictment on March 8, 2023, on five counts: violations of 18 U.S.C. § 231(a)(3), 18 U.S.C. § 111(a)(1) and 2, 18 U.S.C. 1752 (a)(1) and (b)(1)(A), 18 U.S.C. § 1752(a)(4), and 40 U.S.C. § 5104(e)(2)(F). (ECF No. 16)

On March 27, 2023, the Court ordered a jury trial that would begin on November 6, 2023. Mr. Webb filed a motion to withdraw as Smith's Counsel on September 25, 2023. (ECF No. 29). The Court granted the motion to withdraw and allowed Smith to proceed pro se on October 2, 2023. On the same date, the Court vacated the jury trial. On November 14, 2023, the Court rescheduled the trial for April 5, 2024.

In January 2024, new counsel joined for the government on the case. The government began to review the evidence in the case in preparation for trial. This included determining relevant witnesses, exhibits, and jury instructions necessary for the trial. The government also began interviewing potential witnesses for trial that provided additional context to the evidence in this case. During new counsel's review of the evidence, the government realized it may be necessary to revisit the previous charging decision that was made at the beginning of the case.

After careful consideration and review of the evidence, the government sought, and the grand jury grand jury returned, a superseding indictment. (ECF No. 40). The indictment amended Count Two in two respects: including language regarding "any person assisting an officer of the United States Government" and including the 111(b) language regarding inflicting bodily injury. Count Three was amended to *reduce* the maximum punishment, by removing the (b)(1)(A) deadly or dangerous weapon enhancement. The Superseding Indictment also added two additional misdemeanor charges for violations of 18 U.S.C. § 1752(a)(2) and 40 U.S.C. § (e)(2)(D).

The Court arraigned Smith on the Superseding Indictment on March 19, 2024, where he pleaded not guilty to the charges. On March 28 and 29, 2024, three defense attorneys filed notice of appearances in the case. (ECF Nos. 47-49). On April 2, 2024, the Court allowed Smith to withdraw his waiver of counsel and allowed Messrs. Pierce, Roots, and Sabatini to represent Smith. At the same hearing, the Court continued the April 5 trial date to May 6. On April 11, the

government filed a notice that it would not pursue the 111(b) bodily injury portion of Count Two and, instead, would proceed only on the lesser felony violation of 18 U.S.C. §§ 111(a)(1) and 2. (ECF No. 58).

## Argument

I. **The Motion is Moot Because the Basis for the Vindictiveness Claim No Longer Exists**

Smith's motion appears to claim the Superseding Indictment is vindictive because the government added the 111(b) bodily injury portion to Count Two of the Superseding Indictment. The Defendant's motion does not raise any objection to the addition of two misdemeanor charges, nor to the reduction in another charge from a felony to a misdemeanor—indeed, it does not mention that this happened. But the government no longer intends to prove the 111(b) bodily injury element of Count Two as noticed on April 11. (ECF No. 58). Therefore, the Court should deny the motion as moot.

II. **The Defendant is Not Entitled to a Presumption of Vindictiveness when the Government Added Charges after Failed Plea Negotiations.**

Smith alleges that the government filed the Superseding Indictment because plea negotiations failed, Smith fired previous counsel, and he intended to exercise his constitutional rights to a trial. (ECF No. 57 at 2). The defendant attempts to strengthen his claim of prosecutorial vindictiveness by reference to other January 6 cases in which he claims, "federal prosecutors added (or threatened to add) an additional 20-year felony charge." (ECF 57 at 5).

The defendant's contention that a presumption of vindictiveness arises under the facts of the case is both factually and legally flawed. Supreme Court precedent confirms that the government is well within its discretion to bring additional charges after a defendant rejects a plea offer, even if those charges are more serious.

A.  **Legal Principles Regarding Vindictive Prosecution**

"[T]he doctrine [of prosecutorial vindictiveness] precludes action by a prosecutor that is designed to penalize a defendant for invoking any legally protected right available to a defendant during a criminal prosecution." *United States v. Safavian*, 649 F.3d 688, 692 (D.C. Cir. 2011) (citation omitted). "A defendant may prove prosecutorial vindictiveness by submitting either (i) evidence of the prosecutor's actual vindictiveness or (ii) evidence sufficient to establish a realistic likelihood of vindictiveness, thereby raising a presumption the Government must rebut with objective evidence justifying its action." Id.  The defendant has provided neither.

The mere fact that the government adds more charges after failed plea negotiations does not give rise to a presumption of vindictiveness. The Supreme Court has held that a defendant's indictment on additional or more serious charges after failed plea negotiations does not violate due process. In *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), the Court held that the Due Process Clause does not prohibit a prosecutor from carrying out a threat, made during plea negotiations, to bring additional charges against a defendant who refused to plead guilty to the offense with which he was originally charged. The Court reasoned that prosecutors enjoy wide discretion in bringing charges against a defendant, and that in the "give and take" of plea bargaining, there is no element of punishment or retaliation as long as the defendant is free to accept or reject the prosecutor's offer. *Id.* at 363. Similarly, in *United States v. Goodwin*, 457 U.S. 368 (1982), the Court held that a prosecutor's pretrial decision to bring a felony charge against a defendant who had rejected a guilty plea to a misdemeanor did not violate due process.

These decisions stem from the bedrock principle that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests

entirely in his discretion." *Bordenkircher*, 434 U.S. at 364; see also *Goodwin*, 457 U.S. at 382-383 ("*Bordenkircher* made clear that the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified."); *United States v. Meyer*, 810 F.2d 1242, 1246 (D.C. Cir. 1987) ("[P]roof of a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption in the pretrial context.").

In *United States v. Goodwin*, the defendant originally was charged with misdemeanors; after he exercised his right to go to trial, he was indicted on felony charges. The observations that led the Supreme Court to reject Goodwin's vindictiveness claim are equally dispositive of Smith's motion. As in *Goodwin,* "the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." *Id.* at 382. Such was the case here.

*Goodwin* recognized that, early in a case, before extensive trial preparation is complete, "the prosecutor's assessment of the proper extent of prosecution may not have crystallized,' so an increase in charges may be the result of additional information or *further consideration of known information*, rather than a vindictive motive." *U.S. v. Slatten*, 865 F.3d 767, 799 (quoting *Goodwin*, 457 U.S. at 381) (emphasis added). In this case, the government's explanation of the additional charge closely mirrors the Court's reasoning in *Goodwin*. It was entirely appropriate for the government's assessment of the case to crystallize, or evolve, as it further considered the information it possessed as the government began to prepare for trial.

Recently, the Court rejected a similar vindictive prosecution in *United State v. Baez*. (D.D.C. March 18, 2024). There the defendant was charged with misdemeanors by an information that was superseded with a felony indictment in January 2024. *Id.* at 3. The Court noted the substantial gap in time between the defendant's plea rejection and the superseding indictment made

it unlikely the new charge was brought to punish the defendant. Similarly, Smith rejected any negotiations on this case in February 2023, more than a year before the Superseding Indictment was returned. Smith's decision to exercise his right to a trial was also made almost a year before the Superseding Indictment was filed. It is difficult to see how the Superseding Indictment was punishment for these decisions given the length of time that passed.

Even where a presumption of vindictiveness applies, the government can defeat it by producing "objective evidence" that its motivation in charging the defendant was lawful. *Safavian*, 649 F.3d at 694. That burden is "admittedly minimal—any objective evidence justifying the prosecutor's actions will suffice." *Id*. A proffer showing that after the initial charging decision, the government uncovered new evidence documenting the defendant's conduct—*e.g.*, additional criminal offenses or aggravating features of the offense previously charged—suffices. *See, e.g., United States v. Meadows*, 867 F.3d 1305, 1315 (D.C. Cir. 2017) (observing that "the government's evidence regarding the severity of Meadows' fraudulent conduct—which continued for approximately a year, involved two separate false filing schemes, and resulted in approximately 49 false claims—was sufficient to satisfy this court's admittedly minimal requirement of any objective evidence") (internal citations omitted).

Additionally, the case law is well-settled that a prosecutorial decision to increase charges after a defendant has exercised a legal right does not alone give rise to a presumption of vindictiveness in the pretrial context. *See Meyer*, 810 F.2d at 1246. To show vindictiveness in a pretrial posture, a defendant "must point to something more than routine invocations of procedural rights, such as declining a plea offer." *United States v. Michel*, No. 1:19-cr-148 (CKK), 2022 WL 4182342, at *8 (D.D.C. Sept. 13, 2022) (quoting *Meyer*, 810 F.2d at 1247) (emphasis added).

Smith attempts to point to "something more" by vaguely mentioning that he now faces "major new charges." (ECF No. 57 at 2). But the new charges are the result of additional evaluation of the evidence as trial approached. The Superseding Indictment added two misdemeanor charges and added 111(b) to an already charged 111(a). These changes do not constitute major new charges, rather they are changes based on an evolving understanding of the case. Because *Bordenkircher* and *Goodwin* allow a prosecutor to file additional and more serious charges, then it would be illogical to conclude that a slightly different charge is proof of vindictiveness.

Nor does the defendant's reference to other January 6 cases add "something more" to his claim. The defendant has not cited one instance where any court presumed or found prosecutorial vindictiveness in a January 6 case. There have been more than 1,300 defendants charged in relation to January 6, and in some cases, superseding indictments were necessary because the government discovered additional criminal conduct. This is not evidence of malice, but evidence of the mayhem and chaos that occurred at the Capitol that day. This is yet another effort by the defendant to "merely to mention a possible argument in the most skeletal way leaving the court to do counsel's work." *Schneider*, 412 F.3d 190, (D.C. Cir. 2005).

In *Baez*, the Court addressed the specific claim of a pattern of prosecutorial vindictiveness in January 6 cases. The Court found no pattern and noted that the sheer volume of defendants made it "quite likely that, as [the government], prepared for trials, the government uncovered new evidence against numerous defendants who declined plea deals and chose to go to trial." *Id.* at *3. Here, the government's theory of the case evolved during preparation for trial when it reviewed the evidence and decided to supersede based on a more wholistic understanding of the evidence.

The cases cited by the defendant also do not advance his claim. In *United States v. Velsicol Chem. Corp.*, 498 F. Supp. 1255 (D.D.C.) the presumption of vindictiveness arose, not because

the defendant rejected a plea offer, but because the prosecutor filed additional charges because the defendant plead no contest to the crime rather than guilty.  Similarly, in *United States v. Groves*, 571 F.2d 450 (9th Cir. 1978) the court found an appearance of vindictiveness when the prosecutor added charges after the defendant asserted his rights under the Speedy Trial Act.  Both cases are inapposite to the facts presented here and neither support an argument that a prosecutor may not file additional and more serious charges after a defendant has rejected a plea offer.

Instead, the government may lawfully supersede the indictment—and reserves the right to do so—if it determines that the evidence obtained in its investigation establishes probable cause for additional charges. *See United States v. Reffitt*, No. 1:21-cr-32 (DLF), 2022 WL 1404247, at *3-*4 (D.D.C. May 4, 2022) (finding sufficient evidence to support conviction under § 1512(c)(2) and 2 for an individual on January 6, 2021 who ascended the Northwest steps and appeared to lead the crowd that assaulted and then overcame officers). A prosecutor "remain[s] free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution. An initial decision should not freeze future conduct." *Goodwin*, 457 U.S. at 382.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Smith's motion.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar No. 481052

By:    /s/ *Sara E. Levine*
        Sara E. Levine
        Assistant United States Attorney
        VA Bar No. 98972
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        Phone: (202) 252-1793
        Email: Sara.Levine@usdoj.gov

/s/ *Eli J. Ross*
Eli Ross
Assistant United States Attorney
IL Bar No. 6321411
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
Phone: (202) 297-1515
Email: Eli.Ross@usdoj.gov