UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

    *Plaintiff,*

                                                                CASE NO. 23-CR-71 (RDM)

    v.

BRYAN SHAWN SMITH,

    *Defendant.*

### DEFENDANTS MOTION TO CONTINUE TRIAL

COMES NOW the defendant, Bryan Shawn Smith, by and through their counsel of record, with this motion for a continuance of trial, on grounds of (1) personal emergency of defense team and (2) medical necessity. Trial is scheduled for May 6, 2024.

### PERSONAL EMERGENCY OF PARALEGAL, EMILY LAMBERT

The defense team's necessary case manager, research paralegal, discovery curator, and audio-visual coordinator has had a devastating house fire, which has impaired our ability to properly prepare for trial.[1]

This paralegal is the sole person at John Pierce Law, P.C., with skills and computer capabilities capable of managing the audio and visual exhibits during the trial. Ms. Lambert had extensively prepared and planned for months to execute this role during the trial.

Ms. Lambert's house fire has required several nights of travel several states away and her

---

[1] See attached Affidavit of Emily Lambert.

1

absence while dealing with this devastating personal emergency has greatly impacted the defense counsel's ability to properly prepare for trial, given the limited time available. Again, she is a necessary component of the defendant's team for his upcoming trial. Defendant Smith's counsel cannot litigate and argue to the extent it had prepared, and fulfill its duty to Mr. Smith, without Emily Lambert.

## MEDICAL NECESSITY

Additionally, Mr. Smith has ongoing medical issues that are impairing his ability to effectively prepare for trial. Mr. Smith was seen in the emergency room department and was diagnosed with cellulitis. Cellulitis is an infection involving the skin. Smith was advised to follow up with his regular physician. Upon the doctor's orders, Mr. Smith was seen by his primary care physician and prescribed antibiotics on 4/16/24. Only 3 days later; on 4/19/24, Mr. Smith's condition worsened. Upon contacting his primary care physician, he was advised that he would need to go to the hospital, to be possibly admitted. He was advised by his medical doctor that he should not travel long distances and should avoid long periods of inactivity, such as sitting in a courtroom for several hours a day. As this condition is apparent on Smith's legs, treatment advised by the doctor includes keeping the leg elevated. This cannot be done if Smith is at trial all day.

## NECESSARILY COMPLICATED PRETRIAL MOTION PRACTICE

Finally, the parties are presently undertaking, and preparing further pretrial motion practice, which seems to promise some extremely complicated analysis of issues. The government appears to be preparing to tee up a detailed presentation at trial involving a Metro PD officer testifying about the precise make, model, and capabilities of a stun gun-type device. The government has offered—through emails to defense if not by filing on the docket—several "expert" reports and

proposed witnessing regarding the device alleged to have been possessed by Defendant Smith.

Currently defense counsel intends to object to this evidence and testimony, on several grounds. Pleadings will be forthcoming. The government should not be able to introduce an exhibit device that the government assumes to be a similar make and model of the (apparently missing) device, based upon the government's assessment of the alleged device in grainy video images.

Moreover, the defense has a right to find, locate, and give notice of the defense's own expert witness and reports. This is pending. . .

There are additional motions in limine, and oppositions, which are also pending and developing. This pretrial motion practice seems to require additional pretrial time, and thus an extension and continuance of trial.

## CONCLUSION

In conclusion, the Defendant submits that medical necessity, and justice will be best served by a continuance of trial date of at least 30 days so that Mr. Smith can address his medical needs at home in Alabama, and the Parties and the Court can properly litigate and address these immediately problematic issues.

Dated: April 25, 2024                                                                                       Respectfully Submitted,

/s/ *John M. Pierce*
John M. Pierce
21550 Oxnard
Street 3rd Floor,
PMB #172
Woodland Hills, CA
91367 Tel: (213)
400-0725
Email: jpierce@johnpiercelaw.com

## CERTIFICATE OF SERVICE

I, John M. Pierce, hereby certify that on this day, April 25, 2024, I caused a copy of the foregoing document to be served on all counsel through the Court's CM/ECF case filing system.

<u>/s/ John M. Pierce</u>
John M. Pierce
